For the reasons assigned, the motion to dismiss is overruled.

ROGERS, J., absent.

10 So.2d 688

Succession of MIOTON.

No. 36613.

Nov. 4, 1942.

Lazarus, Weil & Lazarus, of New Orleans, for appellant.

Harry McEnerny and W. J. Waguespack, Jr., both of New Orleans, for appellee.

HIGGINS, Justice.

The divorced wife of the decedent filed an opposition to the account of the executor, asking that she be recognized as a creditor of his estate and placed on the account for the sum of $18,430, representing the alleged balance said to be due to her under a default judgment, rendered on April 16, 1929, wherein she obtained a final judgment of divorce and an award of alimony in the sum of $150 per month, under Article 160 of the Civil Code.

The trial judge partially maintained the defenses of waiver and estoppel and allowed the opponent's claim to the extent of

$20 per month from June, 1940, through February 9, 1941, the date of the deceased's death.

The opponent appealed.

The record shows that each of the parties had a son by their respective former marriages, but that of their union there was no issue; that on April 16, 1929, she obtained a judgment of divorce and was awarded alimony in the sum of $150 per month; that at that time both the husband and wife were in excellent financial condition; that he paid the alimony for one year and then notified her that he was going to institute proceedings to have the award of alimony rescinded or reduced, because he had sustained financial reverses; and that, upon the advice of her attorney, she wrote him on August 27, 1930, as follows: " * * * I am advised that you contemplate taking legal proceedings to have the small alimony you are paying me cancelled, or, if not cancelled, reduced. This is to advise you that you are, for the present at least, relieved from the payment of any further alimony. If in the future I elect to claim alimony, I will advise you." After receiving this letter, he did not make any further payment of alimony until in November, 1937, when, upon her demand, he began making $20 a month payments which were accepted by her without complaint until June, 1940, when she protested that she was entitled to more than that sum. Thereafter, up until the date of his death, the deceased made no further payments to her and she did not file any proceeding to compel him to pay any alimony whatsoever.

The opponent testified that while she accepted the $20 monthly payments over the three and a half year period, she did not intend to waive her rights to the full sum of $150 per month, but had only accepted these payments as credits on account of that amount. Her testimony in this respect is not corroborated in any way by any other witness or evidence and she states that the conversations in that respect took place with the deceased over the telephone and personally with her on different occasions. She also stated that she did not insist upon the payment of the alimony under the original judgment because of the bad financial condition of the deceased at that time and that she wrote the letter because her income from her own properties and investments was sufficient to maintain her comfortably. She further stated that she lost her properties and investments about four years before, or in 1937, and had written to him and his attorney about the matter and subsequently, beginning in November, 1937, he began making the $20 monthly payments and continued them until June, 1940. She did not testify that in her letters she informed him or his attorney that she was accepting these $20 payments only on account, and that she intended to hold the deceased for the balance, although the $20 payments continued for a period of three and a half years, without any demand for any increase, either in writing direct to the deceased, or by court proceedings.

It is clear that the opponent, by her letter of August 27, 1930, plainly waived her right to claim further alimony from that date until November 1937, when, for the first time, she made the demand upon the-

deceased for alimony and is also estopped from making such a claim by her letter.

She admitted that she did not press her claim against the deceased for alimony because of his losses and bad financial condition, and said that he claimed that he could not pay her more than .the $20 per month, which he began to pay in November, 1937, and continued until June, 1940.

█ It is our view that as.the opponent accepted these $20 monthly payments over a period of three and a half years, without any complaint or written protest, or court proceedings to establish that she was claiming the full amount of $150 per month, and did nothing to indicate that she was only accepting the $20 payments on account and intended later to hold either the deceased or his estate for the alleged balance, she is now estopped to claim, after his death and his unavailability as a witness, that she intended to merely credit these payments on account. Her testimony indicates if she had insisted on more than $20 per month, he would have refused to pay and brought the matter to court. Furthermore, there is no proof that he could have paid $150 per month alimony and the record tends to show he was financially unable to do so.

█ It appears that she did not do anything from June, 1940, when the deceased discontinued making the payments, until after the date of his death, February 9, 1941, that could be considered as a waiver of alimony or as a ground of estoppel for making a claim to the $20 per month, which he had been previously paying. It is our opinion, therefore, that the trial judge properly allowed that sum. Furthermore,

insofar as the appeal is concerned, the judgment could not be amended in that respect because the executor did not answer the appeal.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.

ROGERS, J., absent.