270 So.2d 264 (1972)
Verna Hebert DUPLECHAN, Plaintiff and Appellant,
v.
Leroy DUPLECHAN, Defendant and Appellee.
No. 4030.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1972.
John E. Demoruelle, Kinder, for plaintiff-appellant.
Navarre & Fuselier, by John P. Navarre, Oakdale, for defendant-appellee.
Before SAVOY, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This appeal results from cross rules filed by the parties herein. Plaintiff-appellant wife, Verna Hebert Duplechan, filed a rule to make past due alimony executory, and her former husband, Leroy Duplechan, defendant-appellee herein, filed a rule for reduction of alimony payments. Both matters *265 were consolidated and tried jointly in the District Court. Mrs. Duplechan's claim for past due alimony was denied and Mr. Duplechan was granted a reduction in alimony. Mrs. Duplechan appeals both rulings to this court. We affirm in part and reverse in part.
There are two issues presented herein: (1) Did the trial court err in not awarding the wife back alimony payments because of a previous voluntary agreement entered into by the parties, and (2) Was error committed by the trial court in reducing the amount of the previous alimony judgment?
On October 29, 1969, Mrs. Duplechan secured a divorce from her husband. She was granted the custody of the couple's minor son, Donald Wayne Duplechan, and was awarded the sum of $400.00 per month as alimony and child support. The judgment did not specify which portion of the monthly payment was allocated to alimony and which portion was child support.
Mr. Duplechan, a rice farmer, experienced financial reverses due to a bad 1969 crop and because of this, in late December 1969 or the early days of January 1970, requested of his wife that she agree to a reduction in alimony and child support payments to the sum of $200.00 per month. Discussions were had between the parties and their attorneys in that connection, and Mrs. Duplechan agreed. There is, however, a conflict between the parties as to the duration of the voluntary agreement between them. Mrs. Duplechan only admits that she agreed to a temporary reduction in payments for the year 1970. In any event, commencing in January, 1970, Mr. Duplechan paid the sum of $200.00 per month through and including March, 1972, at which time Mrs. Duplechan filed the above referred to rule for past due alimony for the months commencing January, 1971, and praying that the accumulated arrearages be made executory.
Appellant does not claim arrearages for the year 1970 in that, as aforesaid, she admits to a voluntary reduction for that year. Mrs. Duplechan testified that it was always her understanding that the reduction in payments to $200.00 per month was to be only for one year in recognition of Mr. Duplechan's financial reverses in 1969. She testified that it was her thought that the original $400.00 payment ordered by the court would be reinstated in January, 1971. She testified that even though she continued to accept the reduced monthly payments, commencing in 1971, she did speak to her husband about it but failed to take legal proceedings at that time.
Mr. Duplechan, on the other hand, testified that he thought the reduction was to be indefinite. He admits, however, that the reason for his requesting a reduction was because of his financial reverses for the crop year 1969, and that his 1970 and 1971 rice crops had improved substantially.
In corroboration of Mrs. Duplechan's position is the testimony of her then attorney, Mr. Alfred R. Ryder, to the effect that in the early part of January, 1970, he received a copy of a proposed joint petition from Mr. Duplechan's attorney proposing a reduction of alimony to $200.00 because of Mr. Duplechan's financial reverses. He testified that he discussed the matter with his client and that her position was shown by a letter, dated January 16, 1970, addressed to Mr. Duplechan's attorney, a copy of which was admitted into evidence, which reads as follows:
 January 16, 1970
 Mr. John P. Navarre
 Attorney at Law
 Oakdale, Louisiana
 RE: Verna Hebert Duplechain
 vs. LeRoy Duplechain
Dear John:
I discussed the petition you prepared in behalf of LeRoy Duplechain to reduce the alimony payments voluntarily. Mrs. Duplechain stated that it was her understanding *266 with LeRoy that she would be agreeable to reducing the payments from $400.00 a month to $200.00 per month for the year 1970, but that starting in the year 1971, that the payments would be increased to the amount of $400.00 per month again.
In view of this understanding, I am returning the petition which you left with me and ask that you redraft it to incorporate this agreement and send it back to me and I will have Mrs. Duplechain sign it.
 Yours very truly,
 Alfred R. Ryder
ARR:sgy
Encl.
Neither the proposed petition for reduction (a copy of which was admitted in evidence) nor any other petition was filed in the District Court at that time. Neither did Mr. Ryder hear more of the matter.
In Louisiana an award of alimony, including that for child support, remains in full effect in favor of the party to whom it is awarded, until the party held liable applies to the court and is granted a modification thereof. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Williams v. Williams, 211 La. 939, 31 So.2d 170; Snow v. Snow, 188 La. 660, 177 So. 793; Granger v. Granger, La.App., 193 So.2d 898.
Our jurisprudence, however, does recognize that a wife may waive her rights under a previously awarded alimony judgment, under certain circumstances, by agreement with her husband, such as was the case in Succession of Mioton, 201 La. 879, 10 So.2d 688, where a divorced wife was found to have agreed to an adjustment some time prior to the death of her one-time husband and hence was held to be estopped to receive the larger sum claimed from his estate. See also Gehrkin v. Gehrkin, supra, Dupuis v. Patin, La.App., 155 So.2d 768. In the case before us, however, Mrs. Duplechan, at best waived her rights to full alimony for the year 1970 only. It is evident from the testimony that Mrs. Duplechan recognized the equity of Mr. Duplechan's position by virtue of the 1969 crop reversal. It appears that that was the only reason for his request that the alimony payments be reduced. There was no reason to believe that Mr. Duplechan's diminished income would continue. Actually, by his own testimony the subsequent crops improved.
It is clear to us that the husband in this case has failed to prove an agreement which would constitute a waiver by the wife of her court awarded right of full alimony. Under the facts of this case we conclude that the trial judge erred in holding that Mrs. Duplechan entered into a voluntary agreement with her husband to reduce the previous award beyond the year 1970. Additionally, even though Mrs. Duplechan accepted the reduced payments beyond the time in question without making periodic demands on her former husband, this does not constitute a waiver of her right to receive past due alimony in a lump sum. Gehrkin v. Gehrkin, supra; Pisciotto v. Crucia, supra.
In view of our conclusion, Mrs. Duplechan is entitled to the sum of $200.00 per month (the unpaid amount) from January 1, 1971, through March 23, 1972, the date on which Mr. Duplechan filed his rule to reduce alimony. This notwithstanding the fact that the minor son became married on January 8, 1972, thereby becoming emancipated. In the Louisiana Supreme Court case of Pisciotto v. Crucia, supra, the wife (where the award had not been modified by court order) was allowed to collect alimony for child support even though one of the children had become *267 emancipated by marriage so that she was not actually dependent upon the mother during a portion of the period for which she collected past due alimony. See also Hebert v. Hebert, 159 So.2d 537.
Concerning the second issue herein, it is to be remembered that the initial alimony award was $400.00 and included child support for the one minor child. We do not have before us the facts and circumstances under which that award was made at the original divorce proceedings. It is evident that the trial court, in reducing the award and setting the wife's permanent alimony at the sum of $150.00 per month eliminated any further support for the minor child, who as aforesaid, had become emancipated by marriage and was no longer legally dependent upon either parent. Since the son's emancipation Mr. Duplechan desired to pay his wife $100.00 in permanent alimony and his wife was agreeable to accepting $200.00. In view of the sparse evidence in the record on the subject we find no manifest error on the part of the trial judge in fixing Mrs. Duplechan's permanent alimony in the sum of $150.00 per month effective April 1, 1972.
For the above and foregoing reasons the judgment of the District Court is affirmed insofar as it fixes Mrs. Duplechan's permanent alimony at the sum of $150.00 per month effective April 1, 1972.
The judgment of the District Court is reversed insofar as it denied Mrs. Duplechan's claim for accumulated back payments, and it is now Ordered, Adjudged, and Decreed that there be judgment in favor of Verna Hebert Duplechan and against Leroy Duplechan for the full sum of $2,948.35 with legal interest thereon from March 28, 1972, until paid.
Costs in the trial court are to be divided equally between the parties and costs of this appeal are assessed against defendant-appellee, Leroy Duplechan.
Affirmed in part, reversed in part, and rendered.