300 So.2d 522 (1974)
Judith Marie Hall SILAS, Plaintiff-Appellant,
v.
Dr. David James SILAS, Defendant-Appellee.
No. 12391.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
Writ Refused November 22, 1974.
Ronald E. Dauterive, Lafayette, for plaintiff-appellant.
Charles B. Bice, Jim W. Wiley, Winnfield, for defendant-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
Rehearing En Banc. Denied October 1, 1974.
WILLIAMS, Judge.
Appellant, Judith Marie Hall Silas, filed the instant rule against appellee, Dr. David James Silas, for executory judgment for past due alimony pendente lite and child support payments. In this proceeding Mrs. Silas also seeks return of the custody from Dr. Silas of three minor children born of their union.
On December 15, 1971 Mrs. Silas sued her husband for a separation of bed and board and sought custody of three young minor children, alimony pendente lite, and child support. Pursuant to a rule nisi custody of the three children was awarded Mrs. Silas, alimony pendente lite fixed at $500 per month, and child support at $400 *523 per month beginning January 1, 1972. On December 11, 1973 Mrs. Silas filed this rule alleging Dr. Silas was in arrears $3,000 in alimony and $2,400 child support, and further alleged Dr. Silas had physical possession of the minor children and refused to return them to her.
In answer to Mrs. Silas' rule, Dr. Silas admitted he had physical custody of the children and did not deny his nonpayment of alimony and child support. Dr. Silas alleged the children had been in his custody from May 6, 1973 until January 14, 1974, the date of trial of these proceedings, and that the children were placed in his possession by Mrs. Silas on May 6, 1973 due to her mental and physical condition. Dr. Silas seeks credit on child support payments for the six months he had the children, as well as $1,400 credit on accrued alimony paid to Mrs. Silas or to her account.
The trial court ordered (1) the return of the children to Mrs. Silas; (2) judgment in her favor for accrued alimony payments of $3,000 and denied any credit on this amount to Dr. Silas; and (3) allowed $2,400 credit to Dr. Silas on child support for the six months he had physical custody of them.
Mrs. Silas devolutively appealed from that portion of the judgment allowing Dr. Silas credit for child support payments. Dr. Silas answered the appeal seeking to have the trial court's judgment affirmed, or in the alternative, to have the case remanded to present evidence to show his actual expenses to offset any arrearage due Mrs. Silas as child support. The trial court ruled as unnecessary evidence of Dr. Silas' actual expenses to support the children while they were in his physical possession.
The facts developed as to his physical possession of the children are as follows: Dr. Silas received a telephone call from his wife's sister advising him Mrs. Silas was mentally and physically ill and unable to care for the children. At the suggestion of Mrs. Silas and her doctor, Dr. Silas took the children in May, 1973 and cared for them until this suit was filed. The trial court found that Mrs. Silas had sufficiently recovered and was entitled to the return of custody of the children. During this six months Dr. Silas was their sole and only support.
Mrs. Silas contends the trial court erred in granting Dr. Silas credit for child support payments during the period he had the children. In reasons for judgment the court said:
"The evidence clearly established that Mrs. Silas requested her husband to take possession of the children on May 6, 1973, when she entered the hospital. He has had possession of them since and supplied all of their physical needs. The Court will not require him to pay support to Mrs. Silas during the period he has housed, clothed and fed these children. Therefore plaintiff's demand for judgment for arrearages is denied to the extent it includes child support since May 6, 1973."
Mrs. Silas further contends modification, reduction or total abolishment of alimony must be sued for, and only the court may change prospectively payments to a wife for support of the children. The evidence reveals Mrs. Silas requested Dr. Silas take physical possession of the children and provide for their needs and support. This he did for the six month period.
In Odum v. Odum, 273 So.2d 576 (La. App. 1st Cir. 1973) the court held the wife entitled to spend alimony and child support payments as she chose and had the unrestricted right to determine how funds are disbursed. In Odum, Mr. Odum, under an agreement with Mrs. Odum, was allowed credit on amounts paid directly to one of his children enrolled in college. Here Mrs. Silas requested Dr. Silas take and support the children, and for the six month period he carried out this agreement, and is therefore entitled to the credits allowed by the trial court.
*524 For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
Affirmed.