338 So.2d 161 (1976)
Dixie Harper HODGE, Plaintiff-Appellant,
v.
James Richard HODGE, Defendant-Appellee.
No. 13006.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
*162 Kostelka, Blackwell & Swearingen by Lawson L. Swearingen, Jr., Monroe, for plaintiff-appellant.
Johnson, Johnson & Joyce by John R. Joyce, Monroe, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
PRICE, Judge.
This is an appeal from the dismissal of a rule to determine and make executory past due child support. Dixie Harper Hodge obtained a separation from James Richard Hodge on October 24, 1974. She was awarded custody of the two minor children and defendant was ordered to pay her $200 per month for child support. On February 12, 1976, plaintiff filed a rule to make executory past due child support alleging defendant had paid $152 per month rather than the $200 provided in the judgment.
The trial court, in dismissing plaintiff's rule, apparently accepted defendant's explanation that an agreement was made with plaintiff for him to pay $48 per month to the holder of a mortgage on the family home in partial satisfaction of the child support obligation.
Plaintiff contends this was not her understanding of the agreement she made with defendant in regard to payment of child support. She contends she agreed for the application of the $48 per month on the mortgage payment for the duration of the time she and the children continued to occupy the home. She further contends that she vacated the house in early December, 1974, and that defendant is liable for the full payment of $200 per month from that date through the trial of the rule on March 18, 1976. Plaintiff also contends the trial court had no discretion to reduce or modify the amount accrued under the terms of the judgment which has become a vested property right, and that the judgment remains in full effect in her favor until defendant obtains a court modification of the decree. These are correct statements of the general principles of law concerning the rights and obligations flowing from support decrees as a husband does not have a right to make payment in any manner other than direct to the wife. However, this is to be distinguished from the payment made by the husband to some third party in accord with an agreement made with the wife which is a permissible method of satisfying all or a portion of the obligation of support.
There is no doubt that these parties initially entered into such an arrangement as contended by defendant. This is admitted by the plaintiff. The disputed issue of fact is how long this method of payment was to continue.
The narrative of facts submitted by the parties in lieu of a transcript of testimony does not show that plaintiff made any demands upon defendant to change the mode of payment, or took any legal action to enforce direct payment to her of the full amount of the support payment after she moved from the home. This lack of complaint on her part lends credence to the version of the agreement contended by defendant and a tacit acquiescence in the continuation of this method of payment. The trial judge resolved this factual issue against plaintiff, and there is no showing that his conclusion was manifestly erroneous. The judgment appealed is affirmed at appellant's costs.