350 So.2d 979 (1977)
Kathryn Iola HENSON, Plaintiff-Appellant,
v.
Richard Drew HENSON, Defendant-Appellee.
No. 13342.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
*980 Johnson & Johnson by Don H. Johnson, Monroe, for plaintiff-appellant.
Dimos, Brown & Erskine by D. Milton Moore, III, Monroe, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
This is an appeal by the wife from a judgment rendered in a proceeding to enforce alimony and child support.
A motion to dismiss this appeal was filed by defendant who contends the appeal is untimely since it was not taken within the thirty-day period provided by La.C.C.P. Art. 3943 which prescribes the time for appeals from judgments relating to custody or alimony. An appeal from a judgment which orders past due alimony or child support executory does not come within the scope of C.C.P. Art. 3943 and is controlled by the general rule for devolutive appeals provided by Art. 2087. See Picinich v. Picinich, 271 So.2d 670 (La. App.1st Cir. 1972); Granger v. Granger, 193 So.2d 898 (La.App. 3rd Cir. 1967); Carlisle v. Carlisle, 313 So.2d 908 (La.App. 2d Cir. 1975), writ denied 319 So.2d 442 (La.1975). Therefore, plaintiff's appeal was timely as it was taken within the prescribed sixty-day period of this article, and the motion to dismiss is overruled.
Kathryn Iola Henson filed suit against Richard Drew Henson on March 26, 1974, for a separation, custody of minor children, alimony, and child support. Almost a year later on March 20, 1975, following an agreed stipulation on the disputed issues, she was awarded a separation, custody of the two children, alimony pendente lite of $100 per month, and child support of $160 per month.
*981 Defendant paid child support until September 1976, at which time plaintiff requested that he keep the children. On December 1, 1976, she filed this proceeding by rule to accrue past due alimony which she contends has never been paid; to make executory child support she contends is delinquent from September 1976 through the date of this proceeding; and to declare defendant in contempt for deliberately failing to pay these amounts.
The trial court rejected plaintiff's demands to have past due alimony payments accrued on finding that plaintiff had waived her rights to alimony by promising defendant she would not make him pay alimony if he would allow her to obtain the separation judgment, and by her inaction in enforcing the payments for an extended period of time.
The court also rejected plaintiff's demand for child support for the period the children were in defendant's custody at the request of plaintiff (September, October, November, 1976). The court refused to hold defendant in contempt under these circumstances.
The issues before us on plaintiff's appeal are: 1) Whether plaintiff's representations to defendant prior to the time of rendition of the separation judgment concerning enforcement of alimony provisions can effect a waiver of her rights, 2) Whether defendant is entitled to credit on payment of child support during the period he cared for the children at plaintiff's request, 3) Whether defendant should be held in contempt for failure to pay the judgment as ordered by the court.
The record supports the factual finding by the trial judge surrounding the negotiations of the parties preceding the separation judgment as recited in his reasons for judgment:
* * * On direct examination, Mrs. Henson denied having ever declined any alimony, and claimed $100 per month since March 26, 1974, the date her original separation suit was filed. On cross examination however, she admitted that her separation suit was vigorously contested; that she was anxious to terminate that litigation, that after trial settings had been passed, she went to her husband with a proposition. She admitted that she told him it was at her mother's insistence that she was claiming alimony in the suit, that she would not require him to pay it if he would not contest her suit and would allow her to put $100 monthly alimony in the judgment. After agreeing upon child support at $160 per month, the husband accepted Mrs. Henson's proposal; and the matter was taken up without opposition.
Plaintiff argues that any agreement to waive alimony prior to a decree of divorce is a nullity and can be given no effect.
Plaintiff's position is well taken in view of the decision in Ward v. Ward, 339 So.2d 839 (La.1976) in which the court held:
The parties entered into the alimony waiver agreement before the divorce and while they were still husband and wife. Under Article 1790 of the Louisiana Civil Code, a husband and wife are incapable of contracting with each other subject to limited exceptions. See LSA-C.C. Arts. 1790, 2446. The exceptions do not include a contract for the settlement of alimony rights. Hence, we hold that the agreement waiving the wife's right to alimony and child support is a nullity and can be given no effect. * * *
The case relied on by the trial judge as authority that the plaintiff had waived alimony concerned an agreement by parties after a decree of divorce. DuPlechan v. DuPlechan, 270 So.2d 264 (La.App. 3rd Cir. 1972). Therefore, the agreement made in that decision did not fall within the circumscription of C.C. Arts. 2446 and 1790, since the parties wer no longer husband and wife.
The failure of plaintiff to demand payment for the period from March 1975 to December 1976 does not estop her from now seeking enforcement. There is no duty on the wife to make periodic demands on a husband to keep an alimony judgment enforceable. Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89 (1950).
*982 Although defendant contends he paid the alimony for approximately six months and quit paying as he lost his employment, this is denied by plaintiff and no proof of payment was submitted by defendant.
The second issue concerns the trial court's credit to the husband against the child support claimed by the wife. The plaintiff brought the children to her husband in early September requesting that he take care of them. The children have remained in the care of the husband's parents from that date to the present. The wife claims she is entitled to child support for the time the children have spent in the care of her husband and his parents. The trial court awarded her support from the time she made judicial demand for them in a habeas corpus application in early December 1976, but awarded the husband credit for those months the children spent in his care until judicial demand.
In arguing error of the trial court in this regard, plaintiff merely adopts the same argument advanced concerning waiver of alimony. However, the jurisprudence has allowed a husband credit for time the children spent in his care at the request of the wife. See Silas v. Silas, 300 So.2d 522 (La.App. 2d Cir. 1974). In Caraway v. Caraway, 321 So.2d 405 (La.App. 2d Cir. 1975), we said the following:
* * * Therefore, we hold that where the wife voluntarily places the only child of the marriage in the custody of the husband for an extended period of time, the husband is entitled to credit for such period of time on any past due child support. * * *
The trial judge was therefore correct in awarding the husband credit from the time they were given to him until judicial demand by the wife.
Plaintiff also appeals the trial court's holding that defendant should not be held in contempt for not paying the alimony and child support. We agree with the trial court. The defendant is not in contempt for withholding the child support payments since plaintiff was not entitled to them, nor is he in contempt for withholding his alimony payments due to the questionable circumstances under which the separation judgment was obtained.
Since the judgment awarding alimony was silent as to the commencement date, it must be presumed the trial court intended alimony payments be effective from the date of the judgment, rather than commencement of suit. See Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2d Cir. 1973).
For the reasons assigned, the judgment appealed rejecting plaintiff's demand for recognition of accrued alimony is reversed, and plaintiff is hereby awarded judgment against defendant for the sum of $2,633, together with legal interest as provided by law, for past due alimony from March 20, 1975, through June 1, 1977. In all other respects, the judgment is affirmed. Costs of these proceedings are to be equally divided.