356 So.2d 1111 (1978)
Sonya Diane Shuler WISDOM, Plaintiff-Appellee,
v.
Charles Franklin WISDOM, Defendant-Appellant.
No. 13489.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
*1112 Booth, Lockard, Jack, Pleasant & LeSage by John R. D'Anna, Shreveport, for defendant-appellant.
Love, Rigby, Dehan & Love by Kenneth Rigby, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Defendant, Charles F. Wisdom, appeals from a judgment ordering him to pay to plaintiff, Sonya D. Wisdom, $4,362.50 for past due alimony and child support. The issue on appeal is whether defendant should be allowed a credit for one-half of the child support due under a 1974 judgment during a period of time when one of the parties' two children was actually living with and being cared for by defendant.
The parties were divorced in 1974. Plaintiff was granted custody of the two minor children, Laurie and Steve, and was awarded $400 per month as child support and $170 per month as alimony. In November and December of 1975 and January of 1976, because of personal problems and the need for medical attention, Laurie lived with her father in New Orleans. During that three-month period defendant reduced the child support payments made to plaintiff by onehalf.
Laurie returned to Shreveport and lived with her mother from February 1976 until September 1976. At that time, after an argument with her mother, without her mother's consent, and with a plane ticket paid for by her father, seventeen-year-old Laurie went to live with her father and was still living with him on the date of trial in August 1977. During that period of time defendant reduced the child support payments and alimony payments made by him by one-half. Other than asking Laurie to come home in a letter and telephone calls, plaintiff made no effort to regain custody. Until the rule to accrue past due alimony and child support was filed in July 1977, eleven months after Laurie left her home, plaintiff made no protest about the reduction in alimony and child support payments. Also during this period of time, defendant took no steps to have the prior custody, alimony and child support judgment modified.
The trial court found that there was an agreement between the parties relative to the father's custody and reduction of child support payments from November 1975 through January 1976, and allowed a $600 credit for that period of time. This credit is not at issue on appeal.
The trial court further found, however, there was no agreement between the parties relative to custody or a reduction in child support for the period from September 1976 until trial and ordered the full amount of past due alimony and child support to be paid by defendant to plaintiff. No issue is made on appeal as to the award of past due alimony as defendant concedes the reduction in alimony was not warranted. The only issue on appeal is whether defendant is entitled to a reduction of or credit against child support since Laurie began living with him. We affirm the judgment of the district court denying the credit.
The general rule is that a judgment for alimony or child support remains in full force and effect in favor of the party to whom it is awarded until the party held liable applies to the court and obtains a modification. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Wallace v. Wallace, 316 So.2d 496 (La.App.2d Cir. 1975); Coleman v. Coleman, 209 So.2d 801 (La.App.2d Cir. 1968).
The wife in whose favor the alimony and child support judgment is made is *1113 entitled to spend the payments as she chooses and may determine how the funds will be disbursed. Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir. 1973). The wife may, through agreement with her former husband, make arrangements for payment of alimony or child support in a way other than direct payments to her and may waive rights under a previous alimony judgment. Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir. 1977); Hodge v. Hodge, 338 So.2d 161 (La.App. 2d Cir. 1976); Caraway v. Caraway, 321 So.2d 405 (La.App. 2d Cir. 1975), writ ref. 323 So.2d 479 (La.1975); Wallace v. Wallace, supra; Silas v. Silas, 300 So.2d 522 (La.App. 2d Cir. 1974); Odum v. Odum, supra; Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3d Cir. 1972).
Defendant relies heavily on Silas v. Silas, supra, and Caraway v. Caraway, supra, claiming that the plaintiff's failure to make any significant attempt to reacquire the actual custody of her daughter or obtain payment of the full amount of child support indicates her consent to such an arrangement. In Silas this court allowed the father credit for child support during a six-month period where the mother requested the father to take physical possession of the children and provide for their needs and support, which he did. In Caraway it was held that where the wife voluntarily places the only child of a marriage in the custody of the husband for an extended period of time the husband is entitled to credit for such period of time on any past due child support. Henson v. Henson, supra, reached the same result under similar facts.
In the case at bar the evidence amply supports the trial court's finding that there was no agreement on the part of plaintiff for the defendant to assume custody of the daughter or reduce the child support payments due to plaintiff. This case is distinguishable from Silas, Caraway and Henson in which the court found such an agreement by the mother. The fact that the mother in this case did not take any active legal steps for ten or eleven months after the daughter went to live with the father does not imply consent or an agreement to the unilateral action of the father.
It should also be noted that the child support award under the 1974 judgment was an in globo award for the support of two minor children. Where there is an in globo award of child support for more than one child, the father is not entitled, without seeking court modification of the judgment, to reduce the child support payments on a pro rata basis even where child support is no longer due for one of the children because of majority or other reason. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Wallace v. Wallace, supra.
The trial court properly denied credit to the defendant for a pro rata portion of the child support payments due during the period of time in question. The judgment of the district court is affirmed at appellant's costs.
Affirmed.