374 So.2d 157 (1979)
Alice Graham SEIFERT
v.
Phillip Victor SEIFERT, Jr.
No. 12725.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*158 C. James Carville, Jr., J. J. McKernan, William H. Cooper, Baton Rouge, for plaintiff-appellee, Alice Graham Seifert.
John E. Seago, Ronald L. Causey, Baton Rouge, for defendant-appellant, Phillip Victor Seifert, Jr.
Before ELLIS, LOTTINGER and LEAR, JJ.
LOTTINGER, Judge.
This is a rule to make past due child support payments executory. From a judgment in favor of plaintiff-in-rule, Alice Graham Seifert, defendant-in-rule, Phillip Victor Seifert, Jr., has appealed.
The record points out that this couple was judicially separated in December of 1973, with Alice Seifert granted the care, custody and control of the minor children born of the marriage,[1] and Phillip Seifert ordered to pay child support of $100.00 per month commencing January 1, 1974.
On March 19, 1975, Phillip Seifert filed for a divorce as well as custody of three of the four minor children and child support. Mrs. Seifert reconvened for custody of all four children, delinquent child support payments, as well as future child support.
A judgment of divorce was rendered on March 31, 1976, awarding Phillip Seifert the care, custody and control of Tana, and awarding Mrs. Alice Seifert the care, custody and control of the other three children. Mrs. Seifert was further awarded $100.00 per month child support commencing April 1, 1976. The judgment lastly provided that "all claims by either party against the other for past due child support have been settled." This judgment was not appealed, and thus it is final.
*159 On January 20, 1978 the instant proceeding was instituted by Alice Graham Seifert Howard for modification of visitation, contempt, and delinquent child support from July 15, 1975. In answering, the defendant-in-rule submitted a waiver signed by plaintiff-in-rule on July 1, 1977, allegedly releasing him from the $100.00 per month child support payments.
The trial judge disallowed the waiver of child support finding it "totally invalid ab initio for the reason that such purported waiver is contra bones [sic] mores," and awarded judgment in favor of Mrs. Alice Graham Seifert at $100.00 per month from April 1, 1976, until July 1, 1978 with interest plus $500.00 attorney's fees.
In appealing, defendant-in-rule-appellant contends that the trial court erred (1) in not applying the jurisprudentially created rule that allows obligated parties of child support to expend money directly to the beneficiary and receive credit for such payments when there exists such an agreement between the parties; and (2) in not applying the doctrine and principles of equality in that appellant was not given credit for payments made by him for the care, benefit and maintenance of his minor children.
The only evidence in the record is the testimony of Phillip Seifert, and the waiver executed by plaintiff-in-rule, which provides:
"JULY 1, 1977
"TO WHOM IT MAY CONCERN:
"This is to certify that I hereby release Phillip Victor Seifert, Jr. from any legal responsibility for payment of the One Hundred Dollars ($100) per month as stipulated in the previous court decree at the time of our divorce proceedings.
"/s/ Alice Seifert Howard
"Mrs. Alice Seifert Howard."
At the time defendant-in-rule attempted to introduce the waiver, counsel for Mrs. Seifert objected to its introduction as being irrelevant arguing she did not have the right to waive child support. The trial judge expressed the thought that the objection was good, but he let the waiver in as evidence.
The initial question to be answered by this court is whether such a waiver is "contra bonos mores."
The general rule in Louisiana is that an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party liable applies to the court and obtains a modification. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953).
The party in whose favor the alimony and child support judgment is made is entitled to spend the payments as he or she chooses and has the unrestricted right to determine how funds will be disbursed. Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Odum v. Odum, 273 So.2d 576 (La. App. 1st Cir. 1973). And, the party in whose favor the judgment was rendered may make arrangements with the party liable for payment of alimony or child support in a way other than direct payments or may waive rights under the judgment. Succession of Mioton, 201 La. 879, 10 So.2d 688 (1942); Henson v. Henson, 350 So.2d 979 (La.App. 2nd Cir. 1977); Hodge v. Hodge, 338 So.2d 161 (La.App. 2nd Cir. 1976); Caraway v. Caraway, 321 So.2d 405 (La.App. 2nd Cir. 1975) writ denied 323 So.2d 479 (La.1975); Silas v. Silas, 300 So.2d 522 (La.App. 2nd Cir. 1974) writ refused 303 So.2d 177 (La.1974); Odum v. Odum, supra; Duplechan v. Duplechan, 270 So.2d 264 (La. App. 3rd Cir. 1972).
In Duplechan v. Duplechan, supra, our brethren on the Third Circuit recognized a written agreement between a former husband and wife wherein the wife agreed to a reduction in the alimony and child support payments because of financial setbacks experienced by the former husband. The interesting point is that most of the cases deal with either the payment of alimony or child support to a party other than the former wife, or the husband receiving credit for the amount of time the children have stayed with him; whereas, in Duplechan, there was no so called "quid pro quo." In *160 Duplechan, the court allowed the wife to forego alimony and child support merely because of financial setbacks.
The party to whom the alimony or child support award is made is the party entitled to those payments, and the owner thereof. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). In Halcomb, the Supreme Court recognized the mother as entitled to delinquent child support payments accruing after the majority or emancipation of minor children.
Thus, we conclude that it is not "contra bonos mores" in Louisiana for a mother to waive child support payments provided in a judgment.
The next issue is the extent of the applicability of the waiver.
Unfortunately, Mrs. Seifert did not testify, however, in Mr. Seifert's testimony he stated that the $100.00 per month child support provision of March 31, 1976, judgment had never been paid; that he was attempting to buy a house through the Veteran's Administration, but did not quite make enough money; and that if his wife would release him from the child support payment, he thought this would help his loan application. Subsequently, she prepared and signed the waiver on July 1, 1977.
Considering Mr. Seifert's uncontroverted testimony that this waiver was to aid him in buying a house, we conclude that the waiver is applicable prospectively only from July 1, 1977.
Mr. Seifert also argues that the trial judge erred in not allowing him credit for money spent directly for the benefit of the children, or credit for the extended periods of time that the children stayed with him. After a review of the record, we find that he has failed to carry his burden of proof.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and IT IS NOW ORDERED ADJUDGED and DECREED that there be judgment in favor of Mrs. Alice Graham Seifert (Howard) granting unto her past due child support in the amount of $100.00 per month from April 1, 1976, until July 1, 1977, with interest on each past due installment until paid. In all other respects the judgment of the trial court is affirmed at plaintiff-in-rule-appellee's costs.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] Tana Seifert, Krista Seifert, Phillip Seifert, III and Ann Graham Seifert.