380 So.2d 110 (1979)
Rodney James BORDELON
v.
Marlene Taylor BORDELON.
No. 12975.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Walton J. Barnes, Baton Rouge, for defendant-appellant Marlene Taylor Bordelon.
*111 Maxime LaBranche, Baton Rouge, for plaintiff-appellee Rodney James Bordelon.
Rodney James Bordelon, in pro. per.
Before EDWARDS, LEAR and SARTAIN, JJ.
EDWARDS, Judge.
Marlene Taylor Bordelon sought to have past due child support fixed and made executory. Her former husband, Rodney James Bordelon, was cast in judgment for $1,145.00 in arrearages, subject to a credit of $250.00. Mrs. Bordelon appeals that part of the judgment allowing the credit. We disallow the credit and affirm as amended.

I. FACTS
Four children, three of whom were involved in this case, were born of the marriage between Mr. and Mrs. Bordelon. When they first separated, Mrs. Bordelon took custody of the two daughters and child support was fixed at $300.00 per month.
In July of 1976, David Bordelon, then sixteen years old, moved in with Mrs. Bordelon.
On November 9, 1976, Mrs. Bordelon won a judgment of separation from bed and board. She received custody of the two daughters and David. Child support was fixed at $350.00 per month commencing November 15, 1976.
Mr. Bordelon filed for divorce on November 3, 1977. He also sought a reduction in child support to $300.00 per month. On December 16, 1977, the divorce was granted, custody of the children was maintained in the mother, and Mr. Bordelon was again condemned to pay $350.00 per month in child support.
On July 26, 1978, Mr. Bordelon filed a rule to decrease child support. A reduction to $325.00 per month was granted as of September 1, 1978, on the basis that one child had reached majority (David turned eighteen on August 7, 1978).
In summary, Mr. Bordelon owed child support in three different amounts:
1. $300.00 per month for the two girls through November 14, 1976;
2. $350.00 per month for the two girls and David from November 15, 1976, through August 31, 1978;
3. $325.00 per month for the two girls beginning September 1, 1978.
On December 13, 1978, Mrs. Bordelon filed a rule to make past due child support executory. The judgment signed on February 20, 1979, fixed arrearages at $1,145.00 but allowed the $250.00 credit which Mrs. Bordelon has appealed.

II. THE $250.00 CREDIT
The trial court allowed Mr. Bordelon a $250.00 credit based on a finding that Mrs. Bordelon had agreed, despite having legal custody, to let David live with his father. We find this determination manifestly erroneous.
David Bordelon was evidently a troubled child. Prior to moving in with his mother in July of 1976, David was not, in fact, with his father, who had custody at that time, but lived with a barmaid. Mrs. Bordelon brought him to her home in July of 1976, four months prior to gaining legal custody. By December of 1976, David was disagreeing with his mother and decided he would return to his father. In June of 1977, once again having problems, David returned to his mother. He left for an apartment in November of 1977 and became a major on August 7, 1978.
On trial of the rule to fix accrued child support, Mr. Bordelon testified that Mrs. Bordelon had sought David's move back to his father in January of 1977. (T-59). Mr. Bordelon testified repeatedly that he warned Mrs. Bordelon he would reduce her child support by $50.00 per month (T-59, 61, 64).
Mrs. Bordelon testified that David had moved to his father's against her wishes (T-47, 70). She also testified that there was no agreement between herself and Mr. Bordelon about child support (T-69, 70), and that she wanted the child support paid as ordered (T-71).
*112 The trial court found that:
"although there was no specific agreement that child support payments would be suspended that there was an agreement, either specific or implied, that for the period of five months involved the child was to live with his father."
Reading the record carefully, we find absolutely no agreement on the part of Mrs. Bordelon that David was to live with his father. Mrs. Bordelon expressly testified that the move was against her will. That Mrs. Bordelon did not take immediate action to enforce her custody of David in no way implies an agreement to a change of custody with its possible loss of child support. Basically, David was having problems with both parents and simply moved back and forth as it suited him. Losing the vested property right of past due child support cannot be predicated on the passing whim of a seventeen year old child.
Past due alimony is the property of him in whose favor it has been given. The right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954). The father's obligation to pay child support is only satisfied by making payments to the mother and the only way a father can relieve himself of the obligation of child support is by proceeding to have the judgment amended, suspended or terminated. LSA-C.C. Art. 232; Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), application denied 293 So.2d 187 (La.1974).
There are two exceptions to this general requirement for alimony termination. Alimony is revoked by operation of law when a wife remarries. LSA-C.C. Art. 160. And, the party in whose favor the judgment was rendered may make arrangements with the party liable for payment of alimony or child support in a way other than direct payments or may waive rights under the judgment. Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979).
Unfortunately for Mr. Bordelon, the facts of this case do not amount to a waiver of child support.
In Henson v. Henson, 350 So.2d 979 (La. App. 2d Cir. 1977), the mother brought the children to the father and requested that he care for them. A credit was therefor allowed the father for funds expended on the children's behalf.
In Caraway v. Caraway, 321 So.2d 405 (La.App. 2d Cir. 1975), application denied 323 So.2d 479 (La.1975), the custodial mother voluntarily left the children with the father for one year. Credit on past due child support was therefore allowed.
See also Silas v. Silas, 300 So.2d 522 (La. App. 2d Cir. 1974), writs refused 303 So.2d 177 (La.1974).
These cases involved clear and express surrenders by a custodial mother. No such surrender existed in the present case. Rather, Mrs. Bordelon opposed any change of custody, in law or in fact.
There is a second ground for denying the $250.00 credit, even assuming Mrs. Bordelon had agreed to the change of custody in fact.
All three support awards were made in globo, with no amount designated for each child. Thus, when child support was increased from $300.00 per month to $350.00 per month, due to David's living with his mother, the $350.00 was for all three children's support, not $300.00 for the two girls and $50.00 for David.
Where an award in globo has been made for two or more minors, the fact that one child is no longer eligible, even as a matter of law, for child support, is not a ground for the husband to unilaterally reduce the child support payments proportionately because, after a contradictory hearing, the remaining minors might be found due an increase to offset the unilateral reduction. Halcomb v. Halcomb, 352 So.2d 1013 (1977); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2d Cir. 1978).
This principle holds in the present case. Rather than assuming each child was due one-third of the $350.00 monthly, the trial court evidently assumed that since the award was increased $50.00 per month when Mrs. Bordelon won custody of David, that any custodial reversion to Mr. Bordelon *113 would allow a $50.00 per month retroactive reduction. Halcomb v. Halcomb, supra, does not permit this and requires a judicial determination prior to reduction. Mr. Bordelon sought no reduction as required by LSA-C.C. art. 232 and therefore he is due none.
Finally, we note that even though Mr. Bordelon unilaterally lowered his child support payments for the alleged reason that he had custody in fact, when David returned to his mother the $50.00 per month payment was never resumed.
Since Mrs. Bordelon never agreed to any change of custody and since, absent a judicial determination, no reduction of an in globo award is proper, no such reduction should have been allowed.
For the foregoing reasons the judgment of the trial court is amended and the $250.00 credit is disallowed.
All costs are to be paid by the defendant in rule, Rodney James Bordelon.
AFFIRMED AS AMENDED.