382 So.2d 982 (1980)
Carla St. Amant BLANKENSHIP
v.
Bobby R. BLANKENSHIP.
No. 13058.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*983 Charles Braud, Jr., Baton Rouge, of counsel, for plaintiff-appellee Carla St. Amant Blankenship.
A. J. Paul Fredrickson, II, Baton Rouge, of counsel, for defendant-appellant Bobby R. Blankenship.
Before EDWARDS, LEAR and GREENE, JJ.
EDWARDS, Judge.
Carla St. Amant Blankenship, plaintiff-appellee, sought to have past due child support made executory. Her former husband, Bobby R. Blankenship, was cast in judgment for $6,550.00 in arrearages. He appeals. We affirm.
The Blankenships were divorced on January 21, 1975. Mrs. Blankenship was awarded custody of their three minor daughters and $250.00 per month in child support.
When the oldest daughter became eighteen, on July 14, 1975, Mr. Blankenship began sending support payments of only $166.67 to his former wife. He made other funds available directly to that daughter. Mr. Blankenship made further subsequent child support reductions which led to the rule and judgment now on appeal.
Mr. Blankenship urges that the reductions were agreed to by Mrs. Blankenship following a personal meeting and a telephone conversation. There were no witnesses to these alleged agreements and the record does not bear out his contentions.
Testimony of the two older Blankenship daughters was conflicting. Margaret testified that her mother never specifically agreed that Mr. Blankenship's payments to Margaret were in lieu of the child support. Robin was convinced by her mother's words and actions that the direct payments were to be made in lieu of alimony. However, no unequivocal statement of her mother to that effect was pointed out.
Mrs. Blankenship began to testify but the trial court's forceful and conclusory statements that Mr. Blankenship must get credit for money paid to the daughters caused her attorney to cease questioning her. In brief, Mrs. Blankenship denied any agreement to reduce child support. Furthermore, the record contains four letters sent to Mr. Blankenship dated December 11, 1975, January 26, 1976, November 9, 1976, and April 29, 1977. Each letter demands the payment of past due child support.
Past due alimony is the property of him in whose favor it has been given. The right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954). The father's obligation to pay child support is only satisfied by making payments to the mother and the only way a father can relieve himself of the obligation of child support is by initiating a proceeding to have the judgment amended, suspended or terminated. LSA-C.C. Art. 232; Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), application denied 293 So.2d 187 (La. 1974).
There are two exceptions to this general requirement for alimony termination. Alimony is revoked by operation of law when a wife remarries. LSA-C.C. Art. 160. And, the party in whose favor the judgment was rendered may make arrangements with the party liable for payment of alimony or child support in a way other than direct payments or may waive rights under the judgment. Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979).
The facts in this case do not evidence an arrangement for other than direct payments or a waiver of rights.
In Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir. 1979), the father paid more than he had been ordered to through donations to the children and sums paid to physicians, schools, merchants and dentists *984 on their behalf. Nevertheless, since the mother had neither waived payments nor requested the father to disburse funds as he did, the mother was owed the whole amount plus interest.
The cases of Seifert v. Seifert, supra; Hodge v. Hodge, 338 So.2d 161 (La.App. 2d Cir. 1976); Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir. 1973); and Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3rd Cir. 1972), are not applicable here since in each of those cases the mother agreed to a change in the manner of child support payments.
Mr. Blankenship, absent an agreement, had no authority to lower support payments. Where an award in globo has been made for two or more minors, the fact that one child is no longer eligible, even as a matter of law, for child support, is not a ground for the husband to unilaterally reduce the child support payments proportionately because, after a contradictory hearing, the remaining minors might be found due an increase to offset the unilateral reduction. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2d Cir. 1978). Halcomb requires a judicial determination prior to reduction. Mr. Blankenship sought no reduction as required by LSA-C.C. Art. 232 and therefore he is due none.
While the trial court felt that Mr. Blankenship "had conscientiously done his duty as a father to his three children," on reviewing the law and jurisprudence he was unable to allow any credit. We agree with the trial court's decision. Thompson v. Courville, supra; Halcomb v. Halcomb, supra.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Bobby R. Blankenship.
AFFIRMED.