JASPER E. JONES, Judge.
Defendant, Richard K. Adams, in his capacity as administrator of the estate of Harold Oscar Adams, appeals a judgment against him in favor of decedent’s former wife for accrued past due alimony pendente lite which decedent had not paid during his lifetime.
The record does not contain a transcript of the testimony as authorized by LSA-C. C.P. art. 2130, nor does it contain in lieu of the transcript of testimony a narrative of the facts as provided for by LSA-C.C.P. art. 2131. The record does contain excellent written reasons for judgment which reveal substantially all of the material testimony, and the record is otherwise sufficiently complete to permit full consideration of the issues. Some of the assignments of error will require review of facts and we shall for that purpose use the written reasons of the trial judge in lieu of the transcribed testimony or a narrative of the facts. Robinson v. Jackson, 255 So.2d 846 (La.App.2d Cir.1971); Succession of Seals, 243 La. 1056, 150 So.2d 13 (La.1963).
Plaintiff obtained a judgment for alimony pendente lite against Harold Oscar Adams on October 20, 1977 in the amount of $820 per month. Plaintiff obtained judgments against her husband accruing past due alimony pendente lite on December 18, 1977, February 16, 1978, and July 27, 1978. The total amounts of these judgments, including attorney’s fees but excluding interest and costs, was the sum of $5,478.76. Plaintiff in an attempt to enforce collection of these judgments seized stock belonging to her husband in a small corporation. On May 15, 1979 plaintiff accepted $5,227.14, which was a portion of the consideration for the sale of a piece of property which was a major asset of the corporation and released her seizure of the stock of the corporation. Plaintiff’s attorney wrote a letter acknowledging receipt of the $5,227.14 and stated therein that the three judgments for past due alimony were satisfied by the payment of this sum and authorized the cancellation of the judgments from the mortgage records of Bossier Parish.
On December 20, 1979 Harold Oscar Adams obtained a judgment of divorce from plaintiff. The divorce judgment contained no permanent alimony award in favor of plaintiff. Harold Oscar Adams died on April 7, 1980 and Richard K. Adams qualified as administrator of his succession. The succession remains under administration and there has been no judgment of possession rendered in the proceedings.
Plaintiff sued the administrator of her former husband’s succession to accrue the past due alimony pendente lite which had become due under her judgment of October 20, 1977 between the date of July 27, 1978 when she had last obtained a judgment accruing the past due alimony and December 20,1979 when the alimony pendente lite was terminated by the divorce judgment which her husband had obtained.
The trial court awarded plaintiff judgment for the amount sued for and the defendant appealed.
Defendant assigns as error: (1) the trial judge’s refusal to sustain the exception of failure to join indispensable parties who defendant contends were the decedent’s forced heirs, (2) the trial judge’s refusal to sustain the exception of no cause of action which defendant based upon the contention that the obligation to pay alimony pendente lite was personal to decedent and terminated upon his death, (3) the trial judge’s refusal to admit the testimony of defendant that decedent had told him that the payment of the $5,227.14 to plaintiff on May 15, 1979 was in full settlement of all her claims for past and future alimony, and (4) the trial court’s finding that plaintiff had established her case by a preponderance of evidence under the burden of proof provi *1336 sions of LSA-R.S. 13:3721 and 3722, commonly referred to as the “Dead Man’s Statute.”
Defendant’s contention that the forced heirs of the decedent were indispensable parties to this action is without merit. The trial judge correctly applied the provisions of LSA-C.C.P. art. 734[1] which provides that the proper defendent in a suit to enforce an obligation of the decedent while the succession is under administration is the succession representative. The article further provides that heirs of the decedent need not be joined as defendants. See Stansbury v. Hover, 366 So.2d 918 (La.App. 1st Cir. 1978); Gibbs v. Succn. of Scott, 265 So.2d 249 (La.App.3d Cir. 1972).
 Defendant contends that plaintiff’s claim to the accrued past due alimony terminated on the death of her former husband. While it is true that no claim may be asserted against the succession of a decedent for alimony which would have become due subsequent to his death, see Cortes v. Fleming, 307 So.2d 611 (La.1973), this is not true of alimony which becomes due before the death of the party who owes it. We note here that all the alimony which plaintiff in this action sought judgment for had become due before decedent had obtained his divorce from plaintiff on December 20, 1979, which was about SVz months before the death of plaintiff’s former husband. Plaintiff’s right to the past due alimony is a vested property right. Theriot v. Melancon, 311 So.2d 578 (La.App. 3d Cir. 1975); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir. 1971). Plaintiff was entitled to assert her claim for the past due . alimony against the succession of her former husband. Succession of Mioton, 201 La. 879, 10 So.2d 688 (1942); Cortes v. Fleming, supra. The refusal of the trial court to sustain defendant’s exception of no cause of action was correct.
Defendant contends plaintiff accepted the $5,227.14 on May 15, 1979 in full satisfaction of all alimony then due and which would become due in the future. The trial judge found that defendant’s testimony that decedent had told him that the payment of $5,227.14 was made by him and accepted by plaintiff in full settlement of all past and future alimony obligations was inadmissible hearsay. The authorities cited by defendant do not support the admissibility of the statement on any grounds that it comes within any of the exceptions to the hearsay rule. The purpose of the testimony was to establish an extrajudicial statement to prove the truth of matter contained in the statement, and it was inadmissible hearsay.
The trial judge pointed out in his written reasons for judgment that plaintiff denied she waived the payment of the alimony sued for and that the only evidence offered to the contrary was the above discussed hearsay testimony of the defendant. The payment was made following the seizure of defendant’s stock on writs of fieri facias issued for the purpose of enforcing the three earlier obtained judgments accruing past due alimony. The amount of the payment was approximately the total of the principal amount of these judgments. The seizure was released following the payment, and plaintiff’s attorney wrote a letter acknowledging receipt of the payment of the three judgments and authorizing the cancellation of the judgments. These circumstances all corroborate plaintiff’s testimony that she did not waive any alimony not included in these judgments when she accepted the payment.
In Dauzat v. Dauzat, 391 So.2d 60 (La.App. 3d Cir. 1980) the court stated:
“The issue is whether the obligation to pay alimony pendente lite may be waived or remitted by oral agreement between the spouses after the judgment of separation but prior to divorce without a modification of the judgment awarding the alimony. We conclude it may not.” Id. at 61.
*1337 Even if the statement of decedent to defendant had been admissible it would not have been sufficient evidence to establish a waiver by plaintiff of her alimony.
Appellant contends that plaintiff failed to prove her claim against decedent because only she testified in support of her claim and that LSA-R'.S. 13:3721[2] and 3722[3] require that her claim be proved by at least one creditable witness other than the claimant, and other corroborating circumstances.
This court in the case of Taylor v. Bocock, 276 So.2d 347 (La.App. 2d Cir. 1973) set forth the purpose of these provisions as follows:
“The purpose of the ‘Dead Man’s Statute’ is to protect the estates of decedents, their representatives and heirs, against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living. Succession of Pohlmeyer, 192 So.2d 870 (La.App. 4th Cir. 1966); Collier v. Administrator, Succession of Blevin, 136 So.2d 774 (La.App. 4th Cir. 1962—cert. denied); In re Ford's Succession, 91 So.2d 71 (La.App. 1st Cir. 1957—cert. denied).” Id. at 350.
These statutes relate to claims that must be proven by parol evidence. We find them inapplicable to the claim for the alimony here asserted for the reason that the claim is established by the judgment ordering decedent to pay alimony pendente lite. The contention of waiver of the obligation to pay sums owed under the judgment is an affirmative defense which must be proven by the defendant. The judgment ordering the payment of the alimony sued for is in the record.
We agree with the trial judge that plaintiff has sustained her burden of proving her claim by a preponderance of evidence.
The plaintiff answered the appeal seeking an increase in the $350 attorney’s fee award made by the lower court. We find an increase in the attorney’s fee award justified because of the legal work required by the appeal and increase the award from $350 to $850.
We AMEND the judgment appealed by recasting the last paragraph to read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of LANE SMITH ADAMS and against RICHARD K. ADAMS, Administrator of the Estate of Harold Oscar Adams, in the full and just sum of EIGHT HUNDRED AND FIFTY ($850.00) DOLLARS attorney’s fees for the institution and prosecution of this action, together with all costs of these proceedings.
As AMENDED the judgment is AFFIRMED. Appellant is assessed with all costs on appeal.

. CCP art. 734: The succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

. R.S. 13:3721 — Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased; ... (emphasis supplied).

. R.S. 13:3722 — When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances, (emphasis supplied).