MARVIN, Judge.
In this post-divorce action for arrearages in child support and a share of military retirement income that the court had ordered the father to pay to the mother, the father appeals a judgment seeking to extend, from 18 months to 30 months, the credit against his monthly obligations that the trial court allowed him when the child, whose legal custody had been awarded to the mother, was living with him.
The trial court allowed credit for 18 months during which the child lived with the father at the mother’s request, and denied credit for 12 months during which the child lived with the father against the mother’s wishes, citing Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2d Cir.1978).
The issue is factual. We find no clear error and affirm.
Mr. King argues that Mrs. King’s failure to take legal action to regain custody of the child, Jeffrey, during the year for which the credit was denied (August 1988-July 1989) “is proof that she allowed Jeffrey to remain with his father with her consent after August 1988.” He acknowledges that Mrs. King denied making any agreement to suspend the retirement payments but argues that she impliedly agreed to allow him to “withhold the retirement benefits” and use them for Jeffrey’s support because she did not file the rule for the retirement pay arrearages until about three years after his last payment to her in July 1986.
Neither Mrs. King’s failure to take legal action to regain physical custody of Jeffrey nor her “delay” in seeking to recover ar-rearages in the retirement pay avails Mr. King. See and compare Wisdom v. Wisdom, supra; Bordelon v. Bordelon, 380 So.2d 110 (La.App. 1st Cir.1979); and Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
Mr. King failed in his burden of proving that Mrs. King agreed to modify the judgments awarding her child support and a share of his retirement pay. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982). The trial court’s conclusion in this respect is supported by the record and is not clearly wrong.
Absent an agreement to modify child support, Mr. King is relieved of his support obligation only during the period when Jeffrey lived with him at Mrs. King’s request. See and compare Bordelon v. Bordelon, supra, and Mathews v. Mathews, 415 So.2d 234 (La.App. 2d Cir.1982). The trial court found that this period of voluntary placement endured for 18 months, from August 1986 until February 1988, when Jeffrey resumed living with Mrs. King for six months. The court found that Jeffrey’s return to live with Mr. King in August 1988 was against Mrs. King’s wishes. We cannot say the trial court was clearly wrong in these factual findings.
CONCLUSION
Mr. King did not show either that Mrs. King agreed to modify the child support and retirement pay judgments or that she voluntarily placed Jeffrey with him for more than the 18-month period for which the trial court allowed him credit.
DECREE
At appellant’s cost, the judgment is AFFIRMED.