376 So.2d 552 (1979)
Thelma Jeter MONK, Plaintiff-Appellant,
v.
Douglas S. MONK, Defendant-Appellee.
No. 7175.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Tillman & Mitchell, James R. Mitchell, Leesville, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and STOKER, JJ.
*553 DOMENGEAUX, Judge.
This is a suit brought by a divorced wife against her former husband, for alimony and child support payments.
Plaintiff, Thelma Jeter Monk, and defendant, Douglas S. Monk, were married on September 14, 1967. They adopted one child. On July 30, 1976, Mrs. Monk obtained a judgment of separation, child custody, and $200.00 per month for child support. On December 13, 1977, Mrs. Monk obtained a judgment of divorce. The divorce decree awarded her custody of the minor child, but was silent with reference to alimony or child support.
On December 2, 1977, during the period between the judgment of separation and the judgment of divorce, the parties entered into a contract, which provided, in part, as follows:
"That in order to partially settle, partition and extinguish the community of acquets and gains previously listed between the parties, the parties hereto enter into the following community property settlement agreement;
That appearer, DOUGLAS MONK, does by these presents transfer, convey and assign and set over unto THELMA JETER MONK, all of his right, title and interest in and to the following property:
`A part of the Southwest ¼ of the Northwest ¼ of Section Four, Township Two North, Range Six West, described as follows: Begin at the SW Corner of said SW ¼ of NW ¼, thence run North 310 yards; thence East 310 yards; thence South 310 yards; thence West 310 yards to the point of beginning containing 20 acres more or less and being situated in Vernon Parish, Louisiana.'
In consideration for this partial community property settlement, THELMA JETER MONK, agrees to give up, abandon, and forego any rights that she may have to obtain alimony from her former husband, DOUGLAS MONK.
It is further understood and agreed between the parties that the transfer of the above property from DOUGLAS MONK to THELMA JETER MONK be applied to and fully extinguish the obligation of DOUGLAS MONK to pay to THELMA JETER MONK, child support payments for and in behalf of the minor child, Vaughn Eric Monk."
In February or March of 1978, shortly after entering into this agreement, the wife sold eight of the above described twenty acres. On July 20, 1978, the wife filed the petition giving rise to this appeal, and sought, inter alia, an award for child support arrearages, as well as for future child support and alimony payments.
The trial judge found that the agreement in question was intended by the parties to waive Mrs. Monk's right to permanent alimony. The trial judge also found that, although the agreement could not waive forever the child's right to support, it did waive the right to child support arrearages, and, perhaps, to some future child support. With reference to future child support, the Judge noted that the parties should consider the value of the property conveyed as against the expenses incurred in supporting the child in order to determine if and when Mrs. Monk would be entitled to receive additional child support payments. At the time of the rendition of the judgment, the Judge felt that no additional award should be made. Accordingly, judgment was entered denying alimony and child support. Mrs. Monk appeals.
We are of the opinion that the rationale and result reached by the trial judge in this case was correct, and, accordingly, we affirm.
The frequently cited decision with reference to a waiver of permanent alimony in a post-separation community property settlement is Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967). In that case the Louisiana Supreme Court stated that although a wife's waiver of permanent alimony was not in violation of public order or good morals, such agreements entered into prior to a divorce resulted in relative nullities because of the general incapacity to contract existing between a husband and wife *554 under C.C. arts. 1790 and 2446. However, because the nullity was only relative, the court pointed out that the contract would be capable of ratification once the incapacity ceased, viz., when the divorce was finally rendered and the parties were no longer husband and wife.
With reference to alimony pendente lite, the situation is somewhat different. In Holliday v. Holliday, 358 So.2d 618 (La. 1978), the Louisiana Supreme Court found that a wife could not waive her right to alimony pendente lite in an antenuptial agreement, stating that it was the public policy of Louisiana that a husband should support and assist his wife during the existence of a marriage. To permit the parties to enter into an antenuptial agreement relieving one of this duty would be, consequently, against the public interest. Hence, such an agreement would be without effect.
Although not stated by the Supreme Court, the reason for the differing views for waiver of permanent alimony and waiver of alimony pendente lite goes to the essence of the two types of alimony, viz., alimony pendent lite is the support between persons still married, and permanent alimony is simply a pension given by one spouse who is better off than the other.
All that is involved in the instant case is permanent alimony, and we feel that the agreement in question effectively waived Mrs. Monk's right to such alimony. In fact, under recent legislation, such an agreement would not even be a relative nullity which must be subsequently ratified, as was the situation in Nelson v. Walker, supra, because the incapacity to contract under which married persons previously suffered, is no longer present. Article 1790 of the Civil Code has been amended by Act No. 627, Section 3, of the 1978 Regular Legislative Session in order to delete any reference to an incapacity between husband and wife. This particular amendment, which is part of the entire new matrimonial regimes law, went into effect on September 7, 1979, and is applicable to retroactively. Act No. 627, Section 9, of the 1978 Regular Legislative Session.
Thus, we affirm the decision of the trial judge in denying permanent alimony to the wife.
With reference to child support, neither party contends that the agreement between the parents could forever relieve Mr. Monk of his obligation to support his child. Mr. Monk contends on appeal that the property was given in lieu of monthly payments for the child support arrearages which had accumulated between the rendition of the judgment of child support at the time of the judicial separation on July 30, 1976, and the judgment of divorce on December 13, 1977. Additionally, he contends that the property also counts for some future child support.
We feel it permissible that, although a husband is required to make child support payments in no manner other than directly to the wife with custody, the wife may enter into an agreement whereby child support payments are made in some other fashion. The contract in question is such an agreement, whereby a portion of property was taken in lieu of cash for alimony arrearages and for some amount of future child support. Hodge v. Hodge, 338 So.2d 161 (La.App. 2nd Cir. 1976); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir. 1971).
Moreover, as pointed out by the trial judge, it would be unjust to permit Mrs. Monk to accept this property in lieu of child support, sell part of it, and then demand the court to require Mr. Monk to pay additional child support without regard to the transfer. The evidence indicates that Mrs. Monk recently sold eight acres of the twenty acre tract for $10,000.00.
It may be that at some future date Mrs. Monk would be entitled to a judgment for child support. When such relief would be sought by Mrs. Monk, the court would have to examine the value of the property conveyed for child support as against the reasonable expenses incurred in supporting the child, as originally pointed out by the trial judge in his written reasons. The evidence presented in the record at this time, *555 does not lend itself to such a determination. Consequently, we affirm the actions of the trial court.
For the above reasons, the judgment of the District Court is affirmed at the cost of the plaintiff-appellant.
AFFIRMED.