DOMENGEAUX, Judge.
In this domestic relations matter, defendant Robert Bruce Bell appeals an adverse judgment which was rendered in favor of his wife, Dianne Dauzat Bell.
Dianne sued Robert for a separation from bed and board alleging as grounds therefor that he was guilty of mental and physical cruelty towards her. Robert answered and reconvened, seeking a separation based on his wife’s cruel treatment and abandonment. Pursuant to hearing on a rule nisi, Mrs. Bell was awarded custody of the three *116 minor children, child support of $200.00 per month per child, and alimony pendente lite of $700.00 per month. Additionally, defendant husband was ordered to pay all medical, dental and pharmaceutical bills of plaintiff and the three children.
The husband subsequently filed a motion to decrease alimony and child support and change of custody whereby he sought custody of the minor son, Robert Bruce Bell, Jr. These rules were consolidated for hearing with the trial on the merits.
Pursuant to trial on the merits, the district judge granted Dianne a separation from bed and board. Custody of the minor child, Robert Bruce Bell, Jr., was changed to the father by agreement of both parents, and child support was reduced accordingly to a total of $400.00 per month. Robert was ordered to pay Dianne $550.00 per month as alimony and to keep in force and effect a group hospitalization insurance policy issued through his employment, and which included Dianne as an insured.
On this appeal by the husband, the issues are:
1. Whether the trial court was manifestly erroneous in granting the plaintiff a separation based on the defendant’s mental and physical cruelty towards her.
2. Whether the court was clearly wrong in the amount of its award to plaintiff of alimony pendente lite and child support.
In Hebert v. Brazzel, 393 So.2d 135 (La.App. 3rd Cir. 1980) this Court reiterated the law concerning appellate review of factual issues:
“Our review of factual issues is controlled by the principle established by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In those two cases, the standard of review to be applied to factual determinations by the trier of fact, whether judge or jury, was declared to be manifest error. Manifest error was defined as meaning clearly wrong. Therefore, our review of the factual determinations consists of a review of the record to establish whether or not they are clearly wrong.”
As an appellate court we must give great weight to the reasonable evaluations and inferences of fact made by the trial court. In this instance there is insufficient evidence to hold that the trial court was clearly wrong in its conclusions.
The record adequately supports the district judge’s finding that the defendant was guilty of acts of mental and physical cruelty to his wife. The testimony of the litigants is replete with instances of Robert’s mentally and physically abusive treatment of Dianne. Although the husband denied the occurrence of most incidents cited, the trial court evidently chose to place more belief in the testimony of the wife. Such a conclusion represents a reasonable evaluation of testimony and credibility of the witnesses, all of which is well founded in the record. Therefore we will not disturb the lower court’s judgment concerning the grounds for granting plaintiff a separation from bed and board.
Additionally, we find that the amount of child support and alimony pen-dente lite which the trial court ordered defendant to pay, does not appear to be an abuse of his discretion. The record supports the conclusion that the total child support award of $400.00 per month is a fair representation of the circumstances of both parents’ ability to pay and the needs of the children, as is the alimony pendente lite award of $550.00 per month.
The trial court’s decision is therefore affirmed, and all costs are assessed to the defendant-appellant.
AFFIRMED.