430 So.2d 818 (1983)
Joann LACASSAGNE
v.
Herbert L. LACASSAGNE.
No. 82-CA-161.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*819 Charlotte A. Hayes, A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for defendant-appellant.
Bettyanne Lambert-Bussoff, Lambert & Waldrup, New Orleans, for plaintiff-appellee.
Before CURRAULT, GAUDIN and DUFRESNE, JJ.
CURRAULT, Judge.
This is an appeal from the Twenty-Fourth Judicial District Court, Division "I", wherein the trial judge rendered judgment in favor of mover to increase child support, thereby raising such support from $500/month to $1,000/month. Respondent has appealed.
*820 Mover, Joann Lacassagne, and respondent, Herbert L. Lacassagne, were divorced on June 9, 1978. On November 6, 1979, the parties entered into a contract whereby they agreed to settle and liquidate the community of acquets and gains, as well as other matters in controversy between them. These other matters included permanent alimony, child support[1], and custody and visitation.
The parties further agreed that the contract was to be a final and obligatory contract in settlement between them and that the defaulting party would be responsible for the other's attorney's fees and costs. This contract was then transformed into a consent judgment executed and signed by the trial court March 19, 1980.
In January, 1982, Joann Lacassagne filed a rule to increase child support. In response, Mr. Lacassagne filed an opposition contending that the agreement of November 6, 1979 constituted a binding contract of settlement between the parties, thus precluding Mrs. Lacassagne's right to an increase in child support.
The rule was heard on March 19, 1982, and the trial judge rendered judgment in favor of mover, Mrs. Lacassagne, ordering respondent, Mr. Lacassagne, to pay $1,000 per month child support. On appeal, Mr. Lacassagne asserts the following specifications of error:
I. The trial judge committed manifest error in his refusal to enforce the contract of November 6, 1979; and
II. The trial judge abused his discretion in increasing child support from $500 per month to $1,000 per month when plaintiff-in-rule failed to show a change in circumstances to warrant an increase from the previously fixed agreed-upon child support.
The parental obligation of child support emanates from LSA-C.C. art. 227, which reads:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
This obligation stems from parentage and cannot be renounced or set aside. Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981). The duty of a parent to support the minor child is a continuing one and cannot be escaped by a waiver which purports to be permanent and everlasting in its import. Pierce, supra. Accordingly, agreements and judgments involving child support are always subject to modification in accordance with the circumstances, regardless of language to the contrary. DeHaven v. DeHaven, 401 So.2d 418 (La.App. 1st Cir.1981).
Appellant argues the contract of November 6, 1979 specifically setting forth the amount of child support to be paid by appellant should be recognized and enforced as law between the parties. Appellant uses this argument to support his proposition that a mother can contractually agree to a specified amount of child support that would remain unchanged until the majority of that child. Appellant cites numerous cases that we hold are inapplicable.
Appellant cites Monk v. Monk, 376 So.2d 552 (La.App. 3d Cir.1979), for the proposition that the court should consider the value of the property conveyed in a community property settlement as against the expenses incurred in supporting the child in order to *821 determine if additional child support payments are warranted. Appellant would additionally have this court interpret Monk, supra, for the proposition that child support can be waived.
We, however, agree with the Second Circuit Court's interpretation of Monk, supra, in that:
"[Monk] does not stand for the proposition that agreements to waive child support are fully enforceable; on the contrary it recognized the mother will have a valid cause of action for child support when she uses in support of the child all the consideration received for the waiver." Pierce, supra, at 65.
Appellant further relies on Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979), for the proposition that it is not contra bonos mores for a mother to waive child support. Again, we are in harmony with our brothers of the Second Circuit Court in concluding that the court in Seifert failed to recognize the paramount duty of support which a parent owes a child. Accordingly, we decline to follow Seifert, supra.
Although the contract did not in any manner waive child support, we find appellant's position that the amount stipulated therein should be enforced through the minority of the child to be repugnant. The support payment provided by the contract is contrary to the minor's interest and serves only to frustrate the ultimate goal of support and is therefore unenforceable because the agreement denies modification. As this contract was later reduced to a consent judgment, we shall treat it as such and hold that it is open to modification. Accordingly, the trial court did not commit error in refusing to enforce the contract.
Secondly, appellant argues the trial court abused its discretion in increasing the child support owed by appellant.
When the parties seek to modify child support previously fixed in a consent judgment, the party seeking the modification must prove a change of circumstance of one of the spouses. Such change must occur between the date of the consent judgment and date of the rule for modification. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980). Much discretion is vested in the trial court, particularly in evaluating the weight of evidence to be resolved primarily on the basis of credibility of witnesses; therefore, factual findings are accorded substantial weight on review. Kuhn v. Kuhn, 420 So.2d 1026 (La.App. 5th Cir. 1982). Accordingly, in determining the amount of child support, the trial judge is vested with discretion and his judgment must be affirmed in the absence of manifest abuse. Jones v. Jones, 351 So.2d 825 (La.App. 1st Cir.1977).
In reviewing the record of this case, this court can find no manifest abuse in the trial court's determination that the circumstances of the parties had changed sufficiently to justify an increase.
The facts demonstrated that Mr. Lacassagne has remarried and that both he and his new wife enjoy substantial incomes. Mr. Lacassagne earns approximately Seventy Thousand Seven Hundred Twenty Dollars ($70,720), an increase of Twenty-One Thousand Dollars ($21,000) from 1980, not counting bonus and benefits. His wife's salary for the previous year was Thirty-Two Thousand Dollars ($32,000). Mr. Lacassagne further testified his net worth was roughly Seven Hundred Fifty Thousand Dollars ($750,000) as he is chief operating officer of Lacassagne Ship Supplies, Inc., of which he owns 48 percent of the stock. Previously, in 1980, Lacassagne Ship Supplies, Inc. enjoyed Five Million Six Hundred Thousand Dollars ($5,600,000) in gross sales. Mr. Lacassagne's financial situation is such that he could afford a gambling junket to Monte Carlo in 1981, where he sustained losses of Six Thousand Dollars ($6,000).
It is commendable that appellant has also undertaken the support of the three children of his present wife; however, we also recognize that he is under no binding obligation to do so.
Appellee, on the other hand, has had a reduction in salary from Thirty-Eight Thousand Dollars ($38,000) in 1980 to approximately One Thousand Dollars ($1,000) per *822 month at present. Appellee is employed in automobile sales and her reduction is understandable. Her total expenses were shown to have well exceeded the amount she now earns and some of these expenses are attributable directly to the minor child remaining in her custody.
After a review of the record and according substantial weight to the trial court's findings, we cannot agree with appellant that the trial court committed manifest abuse of its discretion in determining that an increase was justified.
Accordingly, we affirm the judgment granting the increase in child support. Appellant is to be taxed for all costs of these proceedings.
AFFIRMED.
NOTES
[1] In regards to child support, the contract contained the following provisions:

.... (c) Herb Lacassagne will pay child support, effective immediately, for Louis at the rate of $375 per month, which child support will terminate on May 31, 1980, (approximately three months after his thirteenth birthday); Herb will pay Louis's tuition at his present school through May 31, 1980, and will maintain him on the company's medical policy through his minority; (d) Herb will pay child support for Desiree at the rate of $375 per month through May 31, 1980, at which time the child support payment will be increased to $500 and will terminate when Desiree reaches her majority; Herb will pay Desiree's tuition at her present school and will maintain her on his company's medical policy through her minority;
(e) Herb will pay one-half of any extraordinary expenses or any medical bills not covered by insurance for Louis through May 31, 1980, and for Desiree during her minority.