430 So.2d 363 (1983)
Douglas D. LYNN, Plaintiff-Appellant,
v.
Julia Kendall LYNN, Defendant-Appellee.
No. 82-768.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Writ Denied June 17, 1983.
*364 J. Minos Simon and Gregory Klein, Lafayette, for plaintiff-appellant.
Mouton, Roy, Carmouche, Bivins, Judice & Henke, H. Purvis Carmouche, Lafayette, for defendant-appellee.
Before FORET, CUTRER and DOUCET, JJ.
CUTRER, Judge.
Julia Kendall Lynn filed a rule seeking an increase of child support and permanent alimony from her former husband, Douglas Lynn. Julia also sought to have some past due child support made executory. Douglas responded with a rule against Julia to have the original alimony award set aside and to receive credit for the child support due for August 1980 through August 1981.
The trial judge granted an increase in alimony and child support. The trial judge further refused to make any past due child support executory. The rule of Douglas was dismissed. Both parties appealed.

FACTS
Douglas Lynn and Julia Kendall Lynn were married in 1956. Their marriage produced a son, Spencer. They separated in 1968 and in 1970 they obtained a judgment of divorce. Under this judgment Julia was granted $500.00 a month alimony and $500.00 a month child support for Spencer. Pursuant to an agreement, Julia's alimony and Spencer's child support were each subsequently reduced to $400.00 a month.
In 1971, Julia moved to California. Spencer joined her soon thereafter. Julia continued to maintain a home for herself and Spencer in California. She has not remarried.
Douglas remained in Lafayette and has remarried. He owns several successful oil and gas related businesses in the Lafayette area.
Citing increases in rent, cost of utilities, telephone bills, clothing, food, furniture and household supplies, Julia sought an increase in alimony from $400.00 a month to $2,550.00 a month and in child support from $400.00 to $2,855.00 a month. She also alleged that Douglas did not pay her child support from August 1980 through August 1981. This alleged arrearage amounted to $5,200.00.
The trial court's judgment denied Douglas' rule to recall the existing alimony award and Julia's motion to make past due child support executory. The judgment granted Julia's rule to increase the alimony and child support and amended these awards by increasing each to $800.00 a month.
Douglas appealed the court's judgment only insofar as it increased the alimony and refused to set aside the alimony award. Julia timely answered her former husband's appeal and sought to have the judgment modified to increase child support to $2,855.00 a month and alimony to $2,550.00 a month. Julia also sought to have the judgment modified to declare $5,200.00 in past due child support executory. We affirm.
The substantial issues are (1) Whether the trial court abused its discretion in its disposition of the alimony issue and (2) whether the trial court erred by denying the past due child support claim.

*365 ALIMONY
LSA-C.C. art. 160 provides, in pertinent part:
"In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
"In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
"This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
This article enumerates certain considerations to be taken into account in deciding whether an otherwise qualified claimant spouse[1] shall be granted alimony.
"Alimony after divorce is awarded to a spouse only if that spouse proves that she or he has insufficient means for her/his maintenance.... Maintenance includes only the basic necessities of life such as food, clothing and shelter." Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir.1981); Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ den., 404 So.2d 278 (La.1981).
In the original award of 1971, the trial judge awarded Julia $500.00 in alimony.[2] A subsequent agreement lowered the amount to $400.00 a month.
It is axiomatic that in order to be granted a modification of an alimony or child support award the claimant party must show a change of circumstances supporting the modification.
The record does not reveal the circumstances under which the original alimony was granted; i.e., whether it was contested or not. We have no way of knowing what Douglas' financial condition was at the time of the divorce judgment, nor what Julia's needs were at that time. In this proceeding, Douglas' ability to pay any reasonable sum of alimony and child support is admitted. Under these circumstances, we must determine whether the trial court erred in granting the additional alimony on the basis of need.
Julia, in her forties, has a bachelor's degree in history and has post-graduate work in psychology and movement therapy. Very early in her former marriage she attained a temporary teacher's certificate, but Julia no longer possesses this credential.
Julia's work experience consists of a few years of teaching some twenty years ago, less than a year working in a stock brokerage firm, and a few months working in various department stores. Julia has participated in various private business projects through the years and has performed community service from time to time. Further, Julia has done professional typing from time to time.
Julia's most substantial contribution to her financial situation through the years has come from remodeling some houses in California. She purchased these houses, remodeled them while living within, and sold them for a profit. The money Julia made on these projects allowed her to travel with her son and to provide him with some European schooling. The housing market went into a slump due to inflation and high interest rates. Thus, this source of income was curtailed.
Julia has been out of the job market for a number of years. She has intentions of acquiring credentials in computer sales, but *366 presently Julia is unqualified in this field. She still has her typing skills, but she contends these are less marketable because of an arthritic condition in her hands.
Julia's son, Spencer, is now sixteen years old. Consequently, the cost of his rearing has increased substantially and a sizeable portion of this cost is borne by Julia.
Julia owns a rent house in Galveston, Texas. Her testimony reveals that the house currently has a negative cash flow.
Julia also possesses some cash. A $4,000.00 account provides her with nominal interest.
"As an appellate court we must give great weight to the reasonable evaluations and inferences of fact made by the trial court." Bell v. Bell, 417 So.2d 115 (La.App. 3rd Cir.1982).
Although Julia Kendall Lynn is possessed of some marketable skills, her earning ability has become limited. We find that the trial court was not entirely wrong in its refusal to set aside the alimony award. The awards of alimony and child support are not abuses of discretion.

PAST DUE CHILD SUPPORT
Julia also sought to have the court make child support for August 1980 through August 1981 executory. At the heart of this issue is an alleged agreement whereby Julia was to have waived child support for this period and Douglas was to have completely underwritten Spencer's education in a Massachusetts boarding school.
The jurisprudence supports agreements between divorced parents to suspend one's right to receive child support while the other supports and maintains the child (makes the child support payments in some other fashion) as long as the agreement promotes the best interest of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Monk v. Monk, 376 So.2d 552 (La.App. 3rd Cir.1979).
Julia denies that she agreed to waive her right to receive child support during the period that Spencer was in the Massachusetts school. Her position is not consistent with a portion of her testimony in her deposition. Julia related the following information concerning her alleged agreement with Douglas:
"A. Well, the agreement that Douglas and I madeI had told Douglas that I wanted him to take full financial responsibility for Spencer. And,  (Interrupted)
"Q. You mean, goingsending him to school and things of that sort?
"A. Yes, right.
"Q. Did he do that?
"A. And, he did that, yes.
"Q. Well, what did he do by way of doing that? Do you know what school he sent him to?
"A. Oh, yes, of course, he sent him to Lawrence Academy in Bostonnear BostonGroton, Massachusetts.
"Q. Okay. How long did he do that? How long did he sent him there?
* * * * * *
"Q. That would be from September of '80 to '81?
"A. Right.
* * * * * *
"Q. Do you know the cost of that?
"A. I'm not certain. I think it was probably around seven thousand ($7000.00). I'm sure he spent more than that.
"Q. In other words, he provided for him throughout that time period?
"A. Uh-huh (yes).
"Q. And, that was agreeable with you? That was the arrangement with him?
"A. Right, that was the arrangement. It was not necessarily what I wanted, but it was the arrangement."
(Emphasis supplied.)
This testimony clearly reveals that an agreement was reached, that Douglas would furnish all expenses while Spencer attended the Boston school for the school year of 1980-1981.
*367 This agreement between Julia and Douglas acts as a waiver of Julia's right to directly receive child support payments while Spencer attended the Massachusetts school. Dubroc v. Dubroc, supra; Monk v. Monk, supra. The trial court correctly refused to allow past due child support payments for this period.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant, Douglas Lynn, is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] "When a spouse has not been at fault and has not sufficient means of support, the court may allow that spouse ... alimony ...." LSA-C.C. art. 160.
[2] LSA-C.C. art. 160 was amended to the present text by Acts 1979, No. 72, § 1, effective June 29, 1979.