LABORDE, Judge.
This appeal involves a motion to terminate alimony and child support payments. The trial court granted the motion, filed by Nelson Beauregard, on the alimony issue on the basis of a change of circumstances, primarily his sudden termination from employment. The child support issue was also decided favorably to movant, for the child had attained the age of eighteen years prior to the motion’s filing. Mary Beauregard appeals only that part of the order which terminates her right to alimony payments. For the reasons which follow, we affirm.
On May 30, 1978, Nelson and Mary Beauregard were divorced. Nelson’s alimony obligation was set at $800.00 per month. He was also ordered to pay $600.00 per month for child support. It appears from the record that Nelson has never missed a payment. On June 15, 1984, Nelson filed a rule to show cause why his alimony and child support obligations should not be terminated. The basis of the motion was that the child, having turned eighteen years old the prior month, was no longer a minor, and that Mary was capable of earning her own livelihood.
At the hearing on the motion, Nelson testified that, since his divorce from Mary, he has remarried and has had a child (five years old at the time of the hearing) by his present wife. He further testified that the job he held with his employer (Occidental Petroleum Corporation) was being eliminated effective July 15, 1984.
Mary Beauregard testified that she is currently employed on a part-time basis, earning $300.00 per month. She also testified that she commutes to university classes in Lafayette, La., but that she could *253 more cheaply attend the same courses at a university in her home town of Eunice, La. She further testified that she lived from 1980 to 1981 in a state of open concubinage. She continued to receive alimony payments from Nelson during that period.
It is axiomatic that, in order to be granted a modification of an alimony or child support award, the claimant party must show a change of circumstances supporting the modification. Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.), writs denied, 434 So.2d 1094 (La.1983).
Appellant advances two principal arguments: 1) she is, because of financial woes, unable to support herself; and 2) the appel-lee has failed to prove inability to provide the support requested. While there is evidence in the record tending to support the first, both arguments miss their mark. The issues in this case are: 1) whether the appellee presented evidence of a change of circumstances sufficient to warrant termination of alimony; and 2) whether the trial court manifestly erred in its conclusions relative to the evidence presented. Neither of appellant’s arguments properly addresses these questions.
We note, as did the trial judge, that appellant has a history of mental instability, but that she is no longer institutionalized, and is capable at present of holding down a job, albeit a low-paying one. We also note that she at one time was employed in a supervisory capacity. No evidence has been presented tending to establish that she is now unable to seek employment entailing greater responsibility than the job she presently holds. We have mentioned appellee’s sworn testimony to the effect that his position with Occidental Petroleum was, at the time he testified, on the brink of elimination. By his sworn answers to written interrogatories, filed into the record prior to the close of these proceedings, appellee indicated that he is now, in fact, unemployed. It is a familiar rule of law that witness testimony which stands uncontradicted must be accepted as true. B. Segall Company, Inc. v. Trahan, 290 So.2d 854 (La.1974).
In sum, appellee has clearly demonstrated the change of circumstances which modification of alimony awards requires. We find no manifest error in the trial court’s ruling.
For the above and foregoing reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.
GUIDRY, J., dissents.