BARRY, Judge.
A divorced husband appeals a judgment ordering him to pay child support on behalf of an illegitimate child born to his ex-wife prior to their marriage.
Richard and Carmen Gardner were divorced by a consent judgment on April 6, 1983 which decreed that he pay support for their child, Adam Gardner, and for her minor child, Christopher Cherrington, according to an agreement signed by the Gardners that day. The agreement recognized that Adam was born during the marriage, both parents were given joint custody, and Mr. Gardner would pay $500.00 per month for Adam’s support to be increased according to the consumer price index with a $1,000.00 monthly ceiling. The agreement also provided:
Appearers further declared that Carmen is the mother of Christopher Michael Cherrington, and the Appearers have agreed that Richard J. Gardner shall adopt Christopher Michael Cherrington *1216 whose name shall be changed to Christopher John Gardner. Carmen Cherring-ton Gardner shall make every effort to facilitate this adoption, after which the former spouses will enjoy joint custody of Christopher and Richard J. Gardner shall pay child support for Christopher in an identical amount to that which he agrees to pay for Adam Richard Gardner, as hereinabove stated.
In August, 1983 Christopher’s name was legally changed to Gardner. However, Mr. Gardner contends he could not adopt the child because Mrs. Gardner refused to surrender her legal rights to Christopher as required under R.S. 9:422.3.[1] Mr. Gardner testified that he paid support for Adam and Christopher through April, 1985 so that he could see both boys. However, in May, 1985 he said Christopher’s support was stopped because he was denied visitation and was no longer treated as the boy’s father.
In July, 1985 Mrs. Gardner filed a rule for Christopher’s past due support. She previously settled a paternity suit in California with Christopher’s natural father for $50,000.00.
The trial judge stated he felt constrained to enforce the April 6, 1983 judgment and awarded the unpaid support although he clearly felt the award was legally unjustifiable. The judge suggested Mr. Gardner file a motion to set aside the April 6, 1983 judgment. The $2,140.72 award represents four months of support less $375.00 credit for a school fee.
Mr. Gardner argues the provision for Christopher’s support in the agreement (in-eorporated into the divorce judgment) contains a suspensive condition which never occurred, i.e., the adoption and joint custody. Mrs. Gardner concedes the support was predicated on both events. Questions relating to Mrs. Gardner’s facilitating the adoption were not permitted.
Mr. Gardner has no statutory obligation to support Christopher under C.C. Art. 227[2] since that obligation stems from the paternity of the parent. Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983); Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981). The claimed support is based on an obligation which may not be enforced until a certain event occurs — the adoption of Christopher and joint custody. See C.C. Art. 1767.
Mr. and Mrs. Gardner voluntarily set the terms of their settlement agreement which is not at issue. The suspensive obligation to pay support was improperly incorporated into the judgment because the adoption never took place.
There is no legal basis to compel Richard Gardner to pay child support on behalf of his ex-wife’s child.
The judgment is reversed.
REVERSED.
CIACCIO, J., concurs.

. R.S. 9:422.3 provides:
The parent or parents of a child, whether the child is born in wedlock or out of wedlock and whether the parent is over or under eighteen years of age, may execute an authentic act of voluntary surrender of custody of the child for private adoption. The formal act shall be evidence of a legal and voluntary surrender only if it is executed in accordance with the provisions of this Subpart. The provisions of this Subpart shall be inapplicable where custody of the child has been removed by court order and placed with the Department of Health and Human Resources and the parent or parents shall have no capacity to execute an authentic act of voluntary surrender of custody as provided for in this Subpart. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to an agency.

. C.C. Art. 227 provides: