541 So.2d 410 (1989)
Carmen Ann CHERRINGTON
v.
Richard J. GARDNER.
No. 88-CA-1709.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
*411 Eric Oliver Person, New Orleans, for Carmen Ann Cherrington Gardner.
Dawn M. Barrios, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for Richard J. Gardner.
Before KLEES, BYRNES, and WARD, JJ.
WARD, Judge.
This is an appeal from a Trial Court judgment maintaining an exception of no cause of action and denying an exception of res judicata in a rule for contempt brought by Carmen Cherrington against her ex-husband, Richard Gardner, for his failure to pay child support.
From the marriage between Cherrington and Gardner, Adam was born. Before the marriage, Cherrington gave birth to Christopher, the son of another man. By consent judgment of April 6, 1983, Gardner and Cherrington were divorced. The consent judgment provided that Gardner would pay child support for Adam. The consent judgment also provided that if Gardner adopted Christopher he would pay the same amount of child support for Christopher under the same terms and conditions as the child support for Adam. The adoption never occurred because Cherrington refused to surrender her legal rights to Christopher as required by La.R.S. 9:422.3.
In 1985, Cherrington filed a rule for past due child support against Gardner for Christopher's support. The Trial Judge found Gardner in arrears for support of Christopher. Gardner appealed the judgment, and this Court, by judgment of May 12, 1986, held:
Mr. Gardner has no statutory obligation to support Christopher under C.C. Art. 227 ... since that obligation stems from the paternity of the parent. Lacassagne v. Lacassagne, 430 So.2d 818 (La. App. 5th Cir.1983); Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981).
* * * * * *
There is no legal basis to compel Richard Gardner to pay child support on behalf of his ex-wife's child.
Cherrington v. Gardner, 488 So.2d 1215 (La.App. 4th Cir.1986).
Meanwhile, during 1985, Cherrington and Gardner were involved in numerous other legal confrontations. On November 15, 1985, before this Court reversed the Trial Court judgment holding Gardner in contempt, Gardner and Cherrington executed a second Consent Judgment to settle some of the various claims against each other.
The only portion of this Consent Judgment which mentioned Christopher stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of this Judgment with respect to Adam Richard Gardner shall be applicable to Christopher John Gardner as long as Carmen Ann Cherrington fully cooperates with sending Christopher John Gardner to a qualified child psychiatrist who is mutually acceptable to the parties, (for which Richard J. Gardner shall be financially responsible), and as long as Christopher John Gardner acts in harmony with Richard J. Gardner's new family.
Most of the Consent Judgment outlined custody arrangements for Adam and provided for an increase in child support for Adam. The Consent Judgment did not refer to the appeal pending on the issue of child support for Christopher.
After this Court reversed the finding that Gardner was in contempt Cherrington filed another rule for contempt on October 20, 1987 alleging Gardner's failure to pay child support for Christopher in accordance with the second Consent Judgment of November 15, 1985. Gardner urged exceptions of res judicata and "no cause and/or right of action." The Trial Court denied the exception of res judicata and granted an exception of no cause of action. Cherrington appeals, arguing that the Trial Judge erred by maintaining the exception. She claims that although this Court held there is no legal basis to compel Gardner to pay child support for Christopher, that decision had no effect on the child support *412 obligation voluntarily assumed by Gardner in the Consent Judgment executed prior to this Court's opinion.
The ultimate question for us to decide is whether the parties agreed in the November 15 compromise to settle the issue of child support for Christopher which was the issue raised in the suit pending on appeal.
A compromise is defined as:
An agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
La.C.C. art. 3071.
Moreover, compromises regulate only the differences which appear clearly comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them. La.C.C. art. 3073. Therefore, the November 15 compromise may be considered to have settled the suit which was on appeal only if the parties clearly intended to include this settlement as a subject of their Consent Judgment.
The language in the Consent Judgment does not clearly show the parties' intention to settle the dispute which was on appeal. While the Consent Judgment specifically states which of the several disputes the parties did agree to dismiss, no mention is made of the dispute on appeal. The statement in the Consent Judgment that its provisions pertaining to Adam apply to Christopher as long as Cherrington cooperates in sending Christopher to a child psychiatrist and as long as Christopher acts in harmony with Gardner's new family, is vague and does not establish that Gardner agreed to pay child support for Christopher no matter what this Court decided on appeal. Rather, we believe the language used in the Consent Judgment more clearly indicated the parties' agreement that Gardner would assume Christopher's support until this Court decided the issue.
Our belief that the parties did not intend to compromise the support claim is strengthened by the parties' actions after they executed the November 15, 1985 Consent Judgment. After this date not only was there no effort made to inform this Court that the parties had reached a settlement, but instead, the record was lodged, briefs were filed and oral argument was heldall after the Consent Judgment was signed. These activities, we believe, show that the parties did not intend to finally settle the dispute on child support for Christopher in the Consent Judgment. Hence, the compromise outlined in the Consent Judgment cannot be used to enforce a child support obligation upon Gardner for Christopher.
Because the record clearly shows that the parties did not intend for the Consent Judgment to resolve this issue, the May 12, 1986 decision of this Court is binding upon the parties. Therefore, the Trial Court, relying on the May 12 opinion, properly rejected Cherrington's rule for contempt, and correctly ruled in favor of Gardner, because Gardner was not obligated by law to pay child support.
Although the Trial Court found no cause of action we do not believe this was correct. What we believe the Trial Judge intended was to rule on the merits of Cherrington's rule for contempt and to dismiss the rule. We agree that Cherrington's rule for contempt has no merit. The parties' actions after agreeing to the November 1985 Consent Judgment with regard to the pending appeal, show that Gardner did not intend to pay child support for Christopher if he was not legally required to do so. Therefore, Gardner was not in contempt, and the rule must be dismissed.
*413 Cherrington appears to assert another assignment of error based upon the Trial Judge's failure to state her findings of fact and reasons for judgment even after Cherrington made a timely request. We find no merit in this assignment of error because Cherrington's remedy once the Trial Judge failed to comply with her timely request to give findings and reasons for judgment was to apply for supervisory writs or to move for a remand to compel the Trial Judge to comply with La.C.C.P. art. 1917. We decline to entertain her allegation on appeal. Lowe v. Continental Insurance Co., 437 So.2d 925 (La.App. 2nd Cir.), writ denied 442 So.2d 460 (La.1983), cert. denied 466 U.S. 942, 104 S.Ct. 1924, 80 L.Ed.2d 470 (1984).
For the reasons given, we amend the judgment to indicate that the rule is dismissed after consideration on its merits. Otherwise, the judgment is affirmed. All costs of this appeal are assessed to Cherrington.
AMENDED; AFFIRMED AS AMENDED