WALTZER, Judge.
This appeal is from a district court judgment sustaining Gardner’s exception of no cause of action, dismissing Cherrington’s rule for past due alimony, denying Gardner’s rule for sanctions and ordering Cher-rington to pay all costs. Cherrington appealed and Gardner answered the appeal. *1281 Gardner seeks affirmation of the exception of no cause of action, reversal of the denial of sanctions, damages in the amount of $2,500.00 for frivolous appeal and dismissal of Cherrington’s appeal.
Cherrington seeks to relitigate the final judgments already decided in this court’s two prior opinions, Cherrington v. Gardner, 488 So.2d 1215 (La.App. 4th Cir.1986) and Cherrington v. Gardner, 541 So.2d 410 (La.App. 4th Cir.1989). This ten year old contract has been litigated twice on the issue of child support and adoption and is now being litigated on the issue of alimony and adoption. Cherrington’s argument that adoption was a condition precedent to a waiver of alimony is contrived and obviously no longer a live issue. Even examining the agreement in the light most favorable to Cherrington, it is still an attempt to litigate the same old issues in new dress. Cherrington’s repeated attempts to litigate the same issue over and over constitute harassment. The trial court obviously gave Cherrington’s present counsel (her fourth) benefit of the doubt in denying the rule for sanctions. We defer to the trial judge’s great discretion in upholding his denial of sanctions.
C.C.P. Art. 2164 authorizes this court to render “any judgment which is just, legal, and proper upon the record on appeal.” The article further authorizes, damage awards and costs for frivolous appeals when the appellee files an answer to the appeal as in this case. Accordingly, the judgment below is affirmed.
IT IS ORDERED that Carmen Ann Cher-rington pay to Richard Gardner $2,500.00 damages for frivolous appeal, plus all costs of the appeal and the action below, all subject to legal interest from the date of the order of appeal until paid.
AFFIRMED.